MaNly, J.
 

 The plaintiff’s equity for the relief he asks, depends upon his willingness to rescind the contract of which he complains, m
 
 toto,
 
 and restore the parties to the condition they occupied previous to their connection with him. This he does not proffer to do, and in this respect, the frame of. the bill is radically defective.
 

 The injwnetion, (except in cases of waste and irreparable injury,) is used as an auxiliary, only, to some primary equity. This primary equity ought to be set forth and insisted upon as the ground of the Court’s jurisdiction. The error in the bill is one into which it seems the profession, in this State, is prone to fall. Their attention has been called to it recently in several cases;
 
 Eborn
 
 v. Waldo, 6 Jones’ Eq. 111;,
 
 McBae
 
 v.
 
 Railroad Co.,
 
 5 Jones’ Eq. 395;
 
 Scofield
 
 v.
 
 Van
 
 Bokkelin, Ibid. 342;
 
 Patterson
 
 v. Miller, 4 Jones’ Eq. 431.
 

 Per Oueiam, The demurrer should be sustained and the bill dismissed.